The Honorable JOHN C. COUGHENOUR

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DR. GREGORY CARTER, MD; ERIC MEVIS, & MEAGAN HOLT,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR JAY INSLEE, Governor of Washington State, (in his Official Capacity), BOB FERGUSON, Washington State Attorney General, (in his Official Capacity), JOHN WIESMAN, DrPH, MP, Secretary of Health, (in his Official Capacity), RICK GARZA, Director, Washington State Liquor and Cannabis Board (in his Official Capacity), AND DOES 1-10,<br><br>Defendants. | NO. 2:16-cv-00809<br><br>DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM [FED. R. CIV. P. 12(b)(1) AND (6)] AND MOTION TO STRIKE DECLARATION OF MEAGAN HOLT [U.S. DIST. CT. (W.D. WASH.) CIV. LOCAL R. 7(g)]<br><br>NOTE ON MOTION CALENDAR:<br><br>JULY 15, 2016<br><br>NO ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

The Defendants Governor Jay Inslee; Attorney General Bob Ferguson; Department of Health Secretary John Wiesman; Liquor and Cannabis Board Director Rick Garza, and Does 1-10 (collectively referred to as State Defendants) herein reply to the Plaintiffs' Opposition to Defendants' Motion to Dismiss (Motion).

DEFENDANTS' REPLY TO MOTION TO DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

1

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

On July 11, 2016, Plaintiffs filed an Amended Complaint for Injunctive and Declaratory Relief and a response to State Defendants' Motion, arguing that Plaintiffs have properly invoked the Court's subject matter jurisdiction, relying upon 28 U.S.C. § 1331 (federal question jurisdiction), and seeking to enjoin "state law and actors that violated federal law." While continuing to assert a cause of action based on the alleged preemption of state laws by the federal Controlled Substances Act, Plaintiffs also reference the First, Fourth, and Fifth Amendments of the United States Constitution.

Plaintiffs have failed to establish subject matter jurisdiction and failed to state a claim upon which relief may be granted–and Plaintiffs' Amended Complaint did not cure these deficits. Instead, the Amended Complaint added an additional Plaintiff and merely restated the claims in slightly different wording. State Defendants request dismissal of this action under Fed. R. Civ. P. 12(b)(1) and (6).

## II. ARGUMENT

### A. 28 U.S.C. § 1331 Does Not Confer Subject Matter Jurisdiction

In their Response, Plaintiffs assert that subject matter jurisdiction is conferred under 28 U.S.C. § 1331. However, "28 U.S.C. § 1331 confers jurisdiction only where a federal question is otherwise at issue; it does not create federal jurisdiction." *Ellis v. Cassidy,* 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Elwood v. Drescher,* 456 F.3d 943 (9th Cir. 2006*).* A federal question is at issue under 28 U.S.C. § 1331 for "all civil actions *arising under* the Constitution, laws, or treaties of the United States." (Emphasis added). *See Gully v. First Nat. Bank in Meridian,* 299 U.S. 109 (1936). In their Response, Plaintiffs rely on the federal Controlled Substances Act (CSA), 21 U.S.C. §§ 801-971, for their federal question claim, alleging the Court may avail them equitable relief. However, an action in equity *arising under* the federal CSA cannot be brought when Plaintiffs lack a statutory basis for the claim, and Congress has foreclosed the availability of equitable relief by vesting enforcement authority in a specific office.

DEFENDANTS' REPLY TO MOTION TO DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

2

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

Federal courts are courts of limited jurisdiction, and their authority to entertain a claim depends upon the presentation of a proper claim. *See Armstrong v. Exceptional Child Care Ctr., Inc.*, 575 U.S. __, 135 S. Ct. 1378, 1384 (2015). The CSA both (1) clearly vests its enforcement authority in the federal Attorney General and not in other litigants, and (2) provides no private rights to Plaintiffs. 21 U.S.C. §§ 841-51 (vesting criminal enforcement authority in the Attorney General); 21 U.S.C. § 881 (similarly vesting civil enforcement authority); 21 U.S.C. § 875 (vesting administrative enforcement authority).

In *Armstrong*, the Court explained that equitable relief is not available whenever Congress has manifested an "intent to foreclose" equitable relief. *Armstrong*, 135 S. Ct. at 1385. The Plaintiffs incorrectly claim that the court may only find an "intent to foreclose" in this case by applying a two-part test finding (1) express provision in the statute of a single means of enforcement, and (2) the "sheer complexity associated with enforcing" that remedy. *Armstrong*, 135 S. Ct. at 1385; Dkt. # 24 at p. 5.

Vesting enforcement authority in a particular officer, such as the Attorney General, allows federal law to be enforced in a manner that reflects federal policy and priorities. *See Armstrong*, 135 S. Ct. at 1384 (noting Congressional discretion to impose "mandatory private enforcement"). "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001) (internal citations omitted). *See also, Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, No. 15-CV-2246 JS ARL, 2015 WL 3936346, at *9 (E.D. N.Y. June 26, 2015) (unpublished) ("Congress intended to foreclose equitable enforcement of the AAIA's Grant Assurances . . . Congress intended to place authority for the enforcement of the AAIA's Grant Assurances exclusively in the hands of the Secretary of Transportation through a comprehensive administrative enforcement scheme."); *Duit Constr. Co., Inc. v. Bennett*, No. 4:13-CV-00458-KGB, 2016 WL 1259398, at *4 (E.D. Ark. Mar. 30, 2016), judgment entered, No. 4:13-CV-00458-KGB, 2016 WL 1273946 (E.D. Ark. Mar. 30, 2016) ("Armstrong

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

3

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

bolsters this Court's conclusion that enforcement of the FAHA lays with the Secretary of Transportation and not with Duit as a private litigant.").

Given the interrelationship between federal and state sovereignty, particularly as it relates to federal and state enforcement of laws regarding controlled substances, it makes sense for Congress to vest enforcement authority in the Attorney General alone without allowing other litigants to enter that relationship. Similar to the Health and Human Services Secretary's authority in enforcing the Medicaid Act in *Armstrong*, the Attorney General applies a "judgment-laden standard" when deciding whether a drug has "potential for abuse," 21 U.S.C. § 811(a)(d), exercising discretion to file a civil action for "appropriate declaratory injunctive relief," 21 U.S.C. § 843(f)(1), or applying prosecutorial discretion. Dkt. # 18-2 (DOJ Guidance). Vesting enforcement authority in one entity permits the development of "expertise" and "uniformity" in the application of a complex regulatory arena, the CSA. *Armstrong*, 135 S. Ct. at 1385. Permitting private litigants to pursue their own interests would interfere with the prosecutorial discretion vested in the Attorney General and would lead to "inconsistent interpretations" that arise from inappropriate application of the Act in private actions. *Id*.

Inferring a right of action for litigants other than the federal Attorney General is particularly inappropriate where those other litigants are afforded no affirmative rights by the federal statute in question, the CSA. The CSA establishes no affirmative right, for anyone but the Attorney General to enforce its provisions, and explicitly limits private rights of action for injunctive relief. 21 U.S.C. §882(c)(1) and (5). *See Durr v. Strickland*, 602 F.3d 788, 789 (6th Cir. 2010), *cert. denied* 559 U.S. 1087 (2010); *Jones v. Hobbs*, 745 F. Supp. 2d 886 (E.D. Ark. 2010), *aff'd* 658 F.3d 842 (8th Cir. 2011), *cert. dismissed* 133 S. Ct. 97 (2012); *All. v. Alternative Holistic Healing, LLC,* No. 1:15-CV-00349-REB-CBS, 2016 WL 223815, at *4-5 (D. Colo. Jan. 19, 2016). Finally, the "equitable relief" Plaintiffs seek—the right to violate the federal CSA at their own discretion without interference or regulation from state officials—

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

4

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

could not possibly be a form of equitable relief envisioned under *Ex Parte Young*. *See generally Ex. Parte Young*, 209 U.S. 123 (1908). Therefore, Plaintiffs do not have an equitable claim *arising under* federal law and have not invoked the Court's subject matter jurisdiction.

**B.   A Federal Question Is Not Raised by Plaintiffs' Mistaken and Conclusory Claims of Preemption**

Plaintiffs presume federal preemption of SB 5052 by the federal CSA and repeatedly beg the question by using this erroneous presumption to assert a federal question. State Defendants consider this substantive issue better addressed in a properly pled case rather than in a case where the Court's subject matter jurisdiction has not been properly invoked and a claim for relief is not properly stated. However, given Plaintiffs' continuous use of this presumption in an attempt to justify their case, State Defendants offer the following refutation of Plaintiffs' federal preemption claims.

Consideration of a claim that federal law preempts state law "starts with the assumption that the historic police powers of the State are not to be superseded by [federal law] unless that is the clear and manifest purpose of Congress." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992) (internal quotation marks and alterations omitted).

The presumption disfavoring preemption of state law is particularly strong when a state legislates within its "historic police powers." *See Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947). Though federal law has long prohibited the manufacture, distribution, and use of certain drugs, states have always been on the front lines of making and enforcing drug policy, particularly as to marijuana.

//

//

//

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

5

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

The provision of the CSA that expressly describes its preemptive scope primarily *preserves*, rather than preempts, State legislative authority:

> No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.

21 U.S.C. § 903. This express Congressional statement that the CSA does not generally preempt state law led one Supreme Court justice to characterize it as a "nonpre-emption clause." *Gonzales v. Oregon*, 546 U.S. 243, 389 (2006) (Scalia, J., dissenting).

Federal preemption can take several forms. "First, the States are precluded from regulating conduct in a field that Congress . . . has determined must be regulated by its exclusive governance." *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012). "Second, state laws are preempted when they conflict with federal law." *Arizona*, 132 S. Ct. at 2501. Conflict preemption arises in two ways, including impossibility preemption and obstacle preemption. *Id.* Impossibility preemption arises when it is physically impossible to comply with federal and state law at the same time. *Id.* Obstacle preemption applies "where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress . . . ." *Id.* (internal quotation marks omitted).

Congress has significantly narrowed the range of federal preemption issues relevant here. Because Congress made clear that it only intended to preempt state laws that create a "positive conflict" with the CSA, Congress did not "occupy the field" of regulating controlled substances. Field preemption is thus inapplicable under the CSA. 21 U.S.C. § 903; *see also Cnty. of San Diego v. San Diego NORML*, 81 Cal. Rptr. 3d 461, 476 (Cal. Ct. App. 2008) ("numerous courts have concluded that . . . 21 U.S.C. § 903 demonstrates Congress intended to reject express and field preemption of state laws concerning controlled substances") (internal punctuation omitted). As to conflict preemption, because the statute limits

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

6

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

preemption to state laws where "there is a positive conflict between . . . [the CSA] and that State law so that the two cannot consistently stand together," (21 U.S.C. § 903), many courts have held that obstacle preemption is irrelevant under the CSA, because the only form of conflict the CSA is concerned with "is a positive conflict." *Id. See, e.g.*, *San Diego NORML*, 81 Cal. Rptr. 3d at 481; *People v. Crouse*, 2013 COA 174 No. 12CA2298, 2013 WL 6673708, at *4 (Colo. Ct. App. Dec. 19, 2013). Indeed, other federal statutes specify that both impossibility and obstacle preemption apply, demonstrating that Congress knows how to write such a clause if that is its intent. *See, e.g.*, 21 U.S.C. § 350e(e). Congress' omission of any mention of obstacle preemption in 21 U.S.C. § 903 demonstrates an intent to exclude it.

Thus, as many courts have held, the only type of preemption ultimately at issue under the CSA is the "impossibility preemption" aspect of conflict preemption. *See, e.g.*, *San Diego NORML*, 81 Cal. Rptr. 3d at 480; ("Because Congress provided that the CSA preempted only laws positively conflicting with the CSA so that the two sets of laws could not consistently stand together, and omitted any reference to an intent to preempt laws posing an obstacle to the CSA, we interpret title 21 United States Code section 903 as preempting only those state laws that positively conflict with the CSA so that simultaneous compliance with both sets of laws is impossible.") *People v. Crouse*, 2013 COA 174 No. 12CA2298, 2013 WL 6673708 at *4 (Colo.Ct.App. Dec. 19, 2013); *cf. S. Blasting Servs., Inc. v. Wilkes County, NC*, 288 F.3d 584, 591 (4th Cir. 2002) (reaching same conclusion as to substantively identical preemption clause in 18 U.S.C. § 848).

The question therefore becomes solely whether the Plaintiffs' compliance "with both federal and state regulations is a physical impossibility . . . ." *Arizona*, 132 S. Ct. at 2501. Where state law merely allows what federal law prohibits, it is not impossible to comply with both laws at the same time. *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 131 S. Ct. 2567, 2588 (2011). Impossibility preemption arises "[w]hen federal law forbids an action that state law requires . . . ." *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466, 2476 (2013). SB 5052

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

7

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1 authorizes the medical use of marijuana, just as I-692 did in 1998, except now through a
2 regulatory regime that seeks to address the same social problems as the federal CSA through
3 an alternative means, as opposed to the unregulated medical use of marijuana under I-692.

By its express terms, the CSA does not occupy the field. 21 U.S.C. § 903. The CSA does not prevent states from decriminalizing marijuana. Congress has not funded enforcement for a national marijuana prohibition, and both Congress and the executive branch have expressed a strong willingness to allow States to experiment with different marijuana policies.[1] The federal Department of Justice has explained that it does not view state laws with "strong and effective regulatory and enforcement systems" as obstacles to its objectives. Dkt. # 18-2 at 4-5 (DOJ Guidance).

Nor could Congress mandate that States prohibit marijuana. Under the Tenth Amendment's anti-commandeering doctrine, Congress may not simply "commandee[r] the legislative processes of the States by directly compelling them to enact and enforce a federal regulatory program." *New York v. United States*, 505 U.S. 144, 161 (1992) (quoting *Hodel v. Virginia Surface Mining & Reclamation Ass'n., Inc.*, 425 U.S. 264, 288 (1981)). "[T]he Constitution has never been understood to confer upon Congress the ability to require the States to govern according to Congress' instructions." *Id.* at 162. "[E]ven where Congress has the authority under the Constitution to pass laws requiring or prohibiting certain acts, it lacks the power directly to compel the States to require or prohibit those acts." *Id.* at 166. "No matter how powerful the federal interest involved, the Constitution simply does not give Congress the authority to require the States to regulate." *Id.* at 178.

---

[1] *See, e.g.*, Dkt. # 18-2 at 4 (DOJ Guidance); *see also* Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113-235, 128 Stat. 2217 § 538 (2014) ("None of the funds made available in this Act to the Department of Justice may be used . . . to prevent . . . . States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.").

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

8

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

## C. Plaintiffs Failed to State a Claim Upon Which Relief May Be Granted

Plaintiffs submitted an Amended Complaint which essentially restates the allegations in the original Complaint, adds a Plaintiff, and makes vague, conclusory allegations about the First, Fourth, and Fifth Amendments. Dkt. # 23. Just as in their original Complaint, Plaintiffs' constitutional claims ultimately implicate their preemption claim, with the Fourth and Fifth Amendments focused on a fear but not an existing threat of criminal prosecution under the federal CSA. In their Response, Plaintiffs did not address State Defendants' Fed. R. Civ. P. 12(b)(6) arguments in the Motion to Dismiss. The Amended Complaint did not cure the insufficiency of Plaintiffs' claims.

In the allegations referring to the Fourth and Fifth Amendments in the Amended Complaint, Plaintiffs make erroneous statements about who has access to information in the database. Dkt. # 23 at p. 19, ¶ 52. Specifically, the Washington State Liquor and Cannabis Board does not have access to the database; health care providers are authorized to access information on *their* patients, and local, state, tribal, and federal law enforcement or prosecutorial officials may only access the database when they *are engaged in a bona fide specific investigation of suspected marijuana-related activity that may be illegal under Washington State law.* Unauthorized access or disclosure is punishable as a Class C felony. RCW 69.51A.240(1)(a)-(b), (2). Even with the strong protection of a Class C felony for unauthorized access or disclosure, Plaintiffs attempt to assert a Fourth and Fifth Amendment claim based on the listing of their names and addresses on a voluntary database designed to provide them with benefits of legalizing their purchase, possession and use of marijuana under the State Controlled Substances Act, chapter 69.50 RCW.

Plaintiffs bear the burden of establishing that they have stated a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs only allege fear of possible federal prosecution *if they choose* to have their information entered into the database. Without factual allegations, Plaintiffs allege that voluntarily entering their

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

9

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

information into the database constitutes an unreasonable search and seizure under the Fourth Amendment and self-incrimination under the Fifth Amendment. Plaintiffs' "'entitlement to relief' requires 'more than labels and conclusions . . . Factual allegations must be enough to raise a right to relive above a speculative level.'" *Eclectic Properties East, LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 995 (9th Cir. 2014), *citing Twombly,* 550 U.S. at 555. "[P]laintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Id.*

The test for plausibility of a complaint's allegations "is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.' First, a court should 'identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.' Then, a court should 'assume the[] veracity' of 'well pleaded factual allegations' and 'determine whether they plausibly give rise to an entitlement to relief.' *Eclectic Properties,* 751 F.3d at 995-96 (citations omitted). Applying this test to Plaintiffs' Amended Complaint, Plaintiffs' factual allegations are not well pleaded nor do they give rise to an entitlement to relief. Plaintiffs have not met their burden of establishing a claim upon which relief may be granted.

### III. MOTION TO STRIKE DECLARATION

State Defendants object to, and move to strike in its entirety, the Declaration of Meagan Holt in Support of Plaintiff's Response Motion to Defendant's 12(b) Motion to Dismiss.

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court may only consider matters contained within the complaint or matters that may be judicially noticed. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A motion to dismiss made under Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment if either party submits materials outside the pleadings in support or opposition to the motion, and *if the district court relies on those materials. Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996) (emphasis added).

DEFENDANTS' REPLY TO MOTION TO DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

10

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1 This declaration is outside the pleadings and may not be considered on a motion to dismiss for failure to state a claim.

Furthermore, the declaration would be disregarded in support of a summary judgment action as it does not comply with the personal knowledge requirements of Fed. R. Civ. P. 56(e), or Fed. R. Evid. 701 and 802. *In re Aquaslide 'N' Dive Corp.*, 85 B.R. 545, 548 (B.A.P. 9th Cir. 1987). Plaintiffs appear to be attempting to use this declaration as an impermissible vehicle for legal argument, rather than as factual support for the pleadings.

The second paragraph of the declaration contains legal conclusions and characterizations of the medical marijuana system not based on personal knowledge. Dkt. # 25 at p.2. The third paragraph of the declaration contains legal conclusions not based on personal knowledge. Dkt. # 25 at pp.2-3. The fourth paragraph of the declaration contains many statements outside of declarant's personal knowledge, hearsay, and/or legal conclusions, including but not limited to, the false statements that the medical marijuana authorization had "already been compromised" and that the database be "available to anyone." Dkt. # 25 at p.3.

For the foregoing reasons, State Defendants respectfully request that the Court strike the declaration of Meagan Holt filed in opposition to State Defendants' motions to dismiss.

## IV. CONCLUSION

Plaintiffs have failed to assert a claim granting subject matter jurisdiction to the Court. There is no equitable cause of action under the federal Controlled Substances Act. Plaintiffs have failed to state a claim upon which relief may be granted. Their claims are speculative at best.

/ /

/ /

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

11

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

State Defendants respectfully request the dismissal of Plaintiffs' Complaint with prejudice under Fed. R. Civ. P. 12 (b)(1) and (6) and that the Declaration of Meagan Holt be stricken.

DATED this __15th__ day of July, 2016.

ROBERT. W. FERGUSON
Attorney General

By: /s/Joyce Roper
By: /s/Bruce Turcott
By: /s/Sierra McWilliams

JOYCE A. ROPER, WSBA No. 11322
Senior Assistant Attorney General
BRUCE TURCOTT, WSBA No. 15435
Assistant Attorney General
SIERRA MCWILLIAMS, WSBA No. 48544
Assistant Attorney General
Washington State Attorney General's Office
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98501-6503
Telephone: (360) 664-4968
(360) 586-2738
(360) 586-5107
Fax: (360) 586-3564
Email: joycer@atg.wa.gov
brucet1@atg.wa.gov
sierra@atg.wa.gov
*Attorneys for Defendants, State of Washington*

DEFENDANTS' REPLY TO MOTION TO
DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

12

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

| | |
|---|---|
| 1 | PROOF OF SERVICE |
| 2 | I hereby certify that on July 15, 2016, I electronically filed the foregoing with the Clerk of |
| 3 | the Court using the CM/ECF system which will send notification of such filing to the following: |
| 4 | Douglas Hiatt |
| | 119 First Avenue So., Ste. 260 |
| 5 | Seattle, WA 98104 |
| | 206-412-8807 |
| 6 | douglas@douglashiatt.net |
| 7 | I declare under penalty of perjury under the laws of the United States of America that the |
| 8 | foregoing is true and correct. |
| 9 | DATED this 15th day of July, 2016 at Olympia, Washington. |

                                          Brenda Larson
                                          Legal Assistant

DEFENDANTS' REPLY TO MOTION TO DISMISS AND MOTION TO STRIKE--
No. 2:16-cv-00809

13

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500